**In the Matter of Ralph W. STAPLES, Respondent.**

No. 49S00–1201–DI–11.

Supreme Court of Indiana.

March 7, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In 2005, "MR" hired Respondent to represent her and her company in defending a suit brought by an independent contractor. In the course of this representation, Respondent failed: to timely respond to discovery requests, including requests for admissions; to comply with orders to compel discovery; to appear at hearings; to attempt to recreate MR's file when it was destroyed by storm damage to his office; to inform MR or the court of his departure from his firm; to respond to a summary judgment motion; to appear at a hearing on the motion; to inform MR when judgment was entered against her; and to inform her of an order to appear for proceedings supplemental. MR learned of the judgment when her assets were frozen in October 2006. Respondent falsely told her that he had filed all the necessary paperwork in the case.

Respondent suffered from longstanding depression and was aware that it had a deleterious effect on his practice, but he did not withdraw from representing MR. MR was eventually successful in recovering her legal fees and damages from the malpractice insurer for Respondent's firm.

The parties cite the following facts in aggravation: (1) MR suffered significant financial damages as a result of Respondent's actions; and (2) Respondent was advised to seek treatment for his depression in 2007 but did not do so until 2011. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent is cooperating with his treatment for the depression he was suffering from at the time of his misconduct; and (3) Respondent was cooperative with the Commission's investigation of his mental health status.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.16(a)(2): Failure to withdraw from representation when the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline. For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 60 days,**

beginning April 5, 2012, with 30 days actively served and the remainder stayed subject to completion of 24 months of probation. The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include: Respondent shall comply with mental health treatment as determined and monitored by the Judges and Lawyers Assistance Program during his probation.

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.